# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

ARCH INSURANCE COMPANY,

   Plaintiff,

v.

GREGORY C. BENNETT, et al.,

   Defendants.

CIVIL ACTION NO.
2:08-CV-0075-RWS

## **ORDER**

This case is before the Court on Defendants' Motion to Dismiss [27] and Defendant Laura Porter's Motion to Dismiss [33]. After considering the entire record, the Court enters the following Order.

## **Background[1]**

Plaintiff Arch Insurance Company (AIC) filed its Complaint against Defendants in this action on February 26, 2008. The Complaint alleged: (1) Fraud and Misrepresentation; (2) Federal RICO; (3) Conspiracy; (4) Georgia RICO; (5) Negligence; (6) Contribution/Indemnity; (6) Unjust Enrichment; and

---

[1] The Court makes no findings with regard to the facts stated herein, which are drawn primarily from Plaintiff's Complaint [1].

(7) Attorneys Fees/Expenses. AIC's claims arise from previous litigation and arbitration proceedings instituted by Kaiser Foundation Health Plan of Georgia, Inc. (Kaiser") against Defendants and their insurance broker, Gabriel Lopez (Lopez"). Kaiser's claims against Lopez were arbitrated, resulting in a judgment against Lopez. Kaiser's lawsuit against Defendants settled. Defendants now move to dismiss, and Defendant Laura Porter also joins in Defendants' Motion [33].

## Discussion

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true all facts set forth in the plaintiff's complaint. <u>Grossman v. Nationsbank, N.A.</u>, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted); FED R. CIV. P. 12(b)(6). Further, courts must draw all reasonable inferences in the light most favorable to the plaintiff. <u>Bryant v. Avado Brands, Inc.</u>, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); FED. R. CIV. P. 12(b)(6). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. <u>Swierkiewicz</u>

2

v. Sorema N.A., 534 U.S. 506, 512 (2002); FED. R. CIV. P. 8. See also Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (May 21, 2007) (citations omitted); Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005).

The Supreme Court has introduced the plausibility standard for motions to dismiss. See Twombly, 127 S.Ct. at 1964-68. The non-movant's factual allegations must raise the right to relief above the speculative level. Id. at 1964. The Supreme Court stressed that "[a]sking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [that is relevant]." Id. at 1965.

A. Count 1: Fraud or Misrepresentation

Plaintiff alleges in Count 1 that Defendants are liable for common law fraud and misrepresentation. Defendants contend that Plaintiff fails to state a claim for fraud under the applicable standard. Under Georgia law, a common law fraud claim requires the establishment of five elements: "(1) false representation by defendant; (2) with scienter, or knowledge of falsity; (3) with intent to deceive plaintiff or to induce plaintiff into acting or refraining from acting; (4) on which plaintiff justifiably relied; (5) with proximate cause of

3

damages to plaintiff." Worsham v. Provident Cos., Inc., 249 F. Supp. 2d 1325, 1331 (N.D. Ga. 2002); see also Ledford v. Smith, 274 Ga. App. 714, 720-21;618 S.E. 2d 627, 634 (2005).

The allegations in Count I make it clear that AIC has failed to properly allege elements (3), (4), and (5) of its fraud claim. Indeed, AIC makes no allegation in its Complaint that Defendants made any misrepresentation to, or had any dealings whatsoever with AIC. Plaintiff alleges that misrepresentations were made to Lopez and/or Kaiser, and that only Lopez relied upon these alleged misrepresentations. Furthermore, AIC fails to allege that any damages it suffered were proximately caused by Defendants' alleged misrepresentations.

Additionally, Plaintiff's claim for fraud in Count 1 fails to satisfy the requirements of Federal Rule of Civil Procedure 9(b), which provides that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." FED. R. CIV. P. 9(b). Failure to meet the requirements of this rule is grounds for dismissal of the complaint. Corsello v. Lincare, 428 F.3d 1008, 1012 (11th Cir. 2005). After a careful review of the allegations contained in Plaintiff's Complaint [1], the Court concludes that Plaintiff has failed to meet the requirements of Rule 9(b). Specifically, Plaintiff fails to

4

identify which particular Defendant may have made statements, knowing them to be false.  Overall, Plaintiff fails to allege facts showing what particular statements were made, the time and place of such statement and person responsible for making them, the content of the statements and the manner in which they misled the plaintiff, and what the defendants obtained as a consequence of the fraud.  See Rogers v. Nacchio, 241 F. App'x. 602, 608 (11th Cir. 2007); Corsello v. Lincare, Inc., 428 F.3d1008, 1012 (11th Cir. 2005); Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1380 (11th Cir. 1997).

For all of the stated reasons, Defendants' Motion to Dismiss Plaintiff's claim for Fraud or Misrepresentation in Count 1 shall be **GRANTED**, and these claims shall be **DISMISSED**.

B. Count 2: RICO Claim

In Count 2, Plaintiff claims that Defendants violated Sec. 1962(c) of the federal RICO statute.  In order to establish a federal civil RICO violation under Sec. 1962(c), a Plaintiff must prove that (1) conduct of an enterprise, (2) through a pattern of racketeering activity, (3) resulted in injury to the plaintiff's "business or property" (4) "by reason of" the substantive RICO violation.

5

Williams v. Mohawk Indus., Inc., 465 F.3d 1277, 1282-83 (11th Cir. 2006). In this case, AIC alleges that mail and wire fraud were the predicate acts for its RICO claim. Defendants argue that AIC lacks standing to bring such a claim.

In order to bring a successful RICO claim of this type, a plaintiff must show a direct causal connection between the alleged injury and the commission of the predicate acts. See Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 268 (1992); Sedima S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). However, a plaintiff need not show "either as an element of its claim or as a prerequisite to establishing proximate cause, that it relied on the defendant's alleged misrepresentation." Bridge v. Phoenix Bond & Indem. Co., 128 S.Ct. 2131, 2145 (2008).

In this case, Plaintiff's alleged injury - paying the claim of its insured Lopez - was not a foreseeable and natural consequence of Defendants' alleged scheme. In fact, Lopez's individual conduct acted as an independent intervening factor that accounted for Plaintiff's alleged injury. The Arbitrator specifically found that had Lopez fulfilled his contractual obligations, the losses to Kaiser would not have occurred. For this reason, the Court concludes as a

6

matter of law that Plaintiff cannot prove that their injuries were proximately caused by Defendants' alleged wrongful conduct.

As a more general matter, AIC attempts to argue to the Court that as an insurance carrier for Lopez, AIC was forced to pay a judgment on his behalf because of Defendants' allegedly fraudulent misrepresentations. However, AIC fails to present any evidence that Lopez has assigned his claims to AIC.

Georgia courts have long held that "[u]nless the insured assigns to the insurer any claims which it may have against third parties, the insured is the real party in interest and not the insurer." ESI, Inc. Of Tennessee v. Westpoint Stevens, Inc., 254 Ga. App. 332; 333-34; 562 S.E.2d 198, 200 (2002); see also Bowan v. Waters, 170 Ga. App. 65, 67-68; 316 S.E.2d 497, 499 (1984) ("the insurer, rather than the insured, is the proper party plaintiff in an action against third parties" only if the insured "sign[s] to his insurer any claims which he may have against third parties."); Liberty Mutual Ins. Co. v. Clark, 165 Ga. App. 31, 32; 299 S.E.2d 76, 78 (1983) ("although plaintiff is subrogated to the rights of recovery of the insured, the right of action belongs to the insured and any action against [a third party] must be brought in the name of the insured."). Nowhere in its Complaint or elsewhere does AIC allege or otherwise establish that Lopez

7

assigned his right to bring claims to AIC. For this reason, Plaintiff's claim under the federal RICO statute (and its claim under the Georgia RICO statute and its other tort claims) must fail because AIC does not have the right to bring these claims on behalf of Mr. Lopez.

For these reasons, Plaintiff's federal RICO claim fails. Defendants' Motion to Dismiss this claim shall be **GRANTED**, and Plaintiff's RICO claim is hereby **DISMISSED**.

### C. Count 3: Conspiracy under RICO

AIC alleges in Count 3 that Defendants were engaged in a conspiracy in violation of the RICO statute. The Court concludes that this claim fails for two reasons. First, Plaintiff's alleged damages do not arise from any act of racketeering or other wrongful conduct as defined and required by Section 1962 of the Act. Indeed, Plaintiff does not even attempt to allege any sort of racketeering activity on the part of Defendants.

Secondly, AIC has failed to state a claim for violation of RICO through any alleged fraudulent misrepresentations, as discussed above, and, therefore, its claim for conspiracy to violate RICO must also fail. See Rogers v. Nacchio, 241 F. App'x. 602, 609 (11th Cir. 2007) ("Thus, where a plaintiff fails to state a

RICO claim and the conspiracy count does not contain additional allegations, the conspiracy claim necessarily fails.").

For these reasons, Defendant's Motion to Dismiss this claim is hereby **GRANTED**, and Plaintiff's conspiracy claim shall be **DISMISSED**.

### D. Count 4:Georgia RICO Claim

In Count 4, AIC asserts a claim under Georgia's RICO statute. This claim is also based upon the Defendants' alleged misrepresentations to third parties. AIC makes no allegations that any of the alleged fraudulent activity was directed at AIC. Georgia's RICO Act is modeled upon and closely traces the federal statute, and Georgia courts look to federal authority when addressing issues of interpretation. See Dee v. Sweet, 218 Ga. App. 18; 460 S.E.2d 110 (1995); Morast v. Lance, 631 F.Supp 474, 481 (N.D. Ga. 1986). Georgia courts have the same proximate cause test under RICO that the federal courts have adopted.

As discussed above with respect to AIC's federal RICO claim, in order to have standing, a RICO plaintiff must show a direct causal connection between the alleged injury and the commission of the predicate acts. Under the facts as alleged in AIC's Complaint, Plaintiff cannot show the required causal

9

connection because Lopez's conduct constitutes an intervening action in the causal chain. Consequently, the Court will **GRANT** Defendant's Motion to Dismiss this Count. Plaintiff's claims under the Georgia RICO statute are hereby **DISMISSED**.

### E. Count 5: Negligence

AIC asserts in Count 5 a claim for negligence against Defendants for failing to monitor and oversee their staff and for failing to inform third parties of certain information. In this case, the Court concludes that this claim is barred by the applicable statute of limitations. The record shows that the contract with Kaiser at issue in this case was cancelled by Kaiser on August 31, 2005 because of Defendants' alleged misrepresentations. The applicable statute of limitation for ordinary negligence is two years. O.C.G.A. § 9-3-33. AIC filed its complaint on February 26, 2008 - several months outside the two-year period extending from the date of the cancellation of the contract. Plaintiff has failed to present any arguments or facts that might support a finding that the statute was tolled in some way.

For these reasons, the Court hereby **GRANTS** Plaintiff's Motion to Dismiss, and Plaintiff's claim for negligence is hereby **DISMISSED**.

10

### F. Count 6: Contribution and Indemnity

AIC also brings in Count 6 a claim for contribution or indemnity. Under Georgia law, "contribution refers to apportioning damages between joint tortfeasors by requiring each to pay his proportionate share, while indemnity implies a shifting of the entire loss from the party who paid the judgment to the tortfeasor who should in fairness bear it." Thyssen Elevator Co. V. Drayton-Byran Co., 106 F. Supp. 2d 1242, 1346 (S.D. Ga. 2000). Here, AIC is precluded from bringing its contribution claim because the Arbitrator's decision established that Lopez engaged in fraudulent behavior (or other acts of moral turpitude) when it found that Lopez knew or should have known that the representations to Kaiser were false, and that Lopez had a significant financial motivation in making misrepresentations to Kaiser. Moreover, AIC has failed to allege or to establish that Lopez, as a joint tortfeasor, paid more than his share of the common burden which Defendants were allegedly bound to bear. Tenneco Oil Co. v. Templin, 201 Ga. App. 30, 34; 410 S.E.2d 154, 158-59 (1991) ("Contribution among joint tortfeasors is enforceable where one has paid more than his share of common burden which all are equally bound to bear."). On the contrary, Lopez, unlike Defendants, contractually agreed to indemnify

11

and hold Kaiser harmless from all losses arising out of the non-performance of the obligations to Kaiser.  Furthermore, because the Arbitrator's award against Lopez was also for Kaiser's breach of contract claim, and because there is no breach of contract claim asserted here, a claim for contribution would be inappropriate.  As the Arbitrator explained, "had Lopez fulfilled his contractual and professional obligations, the losses to Kaiser would not have occurred."  AIC and Lopez are therefore not entitled to contribution for amounts paid to Kaiser as a result of Lopez's failure to perform under his contract with Kaiser.

AIC acknowledges that there is no indemnity among active tortfeasors, but Plaintiff fails to convince the Court that Lopez did not actively participate in the torts committed against Kaiser.  Indeed, the Arbitrator found that Lopez caused the losses to Kaiser by making material and negligent representations, and that Lopez had significant financial motivation in doing so.  Thus, AIC's own submissions establish that Lopez was an active tortfeasor.  As a result, AIC's indemnity claim shall be **DISMISSED**.

### G. Count 7: Unjust Enrichment

In Count 7, AIC alleges a claim for unjust enrichment. "[T]he theory of unjust enrichment applies when as a matter of fact there is no legal contract . . .

12

but where the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for." Smith v. McClung, 215 Ga. App. 786; 452 S.E.2d 229 (1994). Stated another way, "[t]he theory of unjust enrichment applies where there is no legal contract and where there has been a benefit conferred which would result in an unjust enrichment unless compensated." Smith Service Oil Company v. Parker, 250 Ga. App. 270, 271; 549 S.E.2d 485487 (2001).

After reviewing the entire record, the Court concludes that this claim fails, as well. Not only are there numerous contractual relationships at issue in this case, but furthermore, AIC has failed to allege that it (and not Kaiser) conferred any benefit upon the Defendants for which justice would require compensation. AIC concedes that the contractual relationships between the parties govern this action, and that a claim for unjust enrichment would only be viable if the Court found that the contracts somehow did not apply to Defendants. Since this is not the case, the Court concludes that Plaintiff's claim for unjust enrichment shall be **DISMISSED**.

13

### H. Count 8: Attorney's Fees

AIC further seeks, in Count 8, to recover attorneys fees pursuant to O.C.G.A. § 13-6-11. As the Georgia Supreme Court made clear in <u>United Cos. Lending Corp. v. Peacock</u>, 267 Ga. 145, 146; 475 S.E.2d 601, 602-03 (1996), "[a] prerequisite to any award of attorney fees under O.C.G.A. § 13-6-11 is the award of damages or another relief on the underlying claim." Because all of AIC's claims against Defendants have been dismissed, Plaintiff cannot prevail, and Plaintiff's claim for attorneys fees shall also be **DISMISSED**.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [27] and Defendant Laura Porter's Motion to Dismiss [33] are both hereby **GRANTED**, and Plaintiff's claims are **DISMISSED**.

**SO ORDERED**, this  4th  day of March, 2009.

_____
**RICHARD W. STORY**
United States District Judge

14