# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

ARCH INSURANCE COMPANY,   :

                         :

       Plaintiff,           :

                         :

     v.                :      CIVIL ACTION NO.

                         :      2:08-CV-0075-RWS

GREGORY C. BENNETT, et al.,   :

                         :

       Defendants.      :

                         :

## **ORDER**

This case comes before the Court on Plaintiff's Motion for Leave to

Amend its Complaint and Motion to Amend the Order Entered by the Court on

March 5, 2009 ("Pl.'s Motion") [Doc. 48] and Defendants' Motion for

Attorneys' Fees [Doc. 50]. After considering the record, the Court enters the

following order.

## **Background**

Plaintiff Arch Insurance Company ("AIC") filed its Complaint against

Defendants in this action on February 26, 2008. The Complaint alleged: (1)

Fraud and Misrepresentation; (2) Federal RICO; (3) Conspiracy; (4) Georgia

RICO; (5) Negligence; (6) Contribution/Indemnity; (6) Unjust Enrichment; and

(7) Attorneys Fees/Expenses.  AIC's claims arise from previous litigation and arbitration proceedings instituted by Kaiser Foundation Health Plan of Georgia, Inc. ("Kaiser") against Defendants and their insurance broker, Gabriel Lopez ("Lopez").  Kaiser's claims against Lopez were arbitrated, resulting in a judgment against Lopez.  That judgement was paid by AIC.  Kaiser's lawsuit against Defendants settled.

Defendants filed two separate Motions to Dismiss [Doc. 27, 33].  This Court granted both motions dismissing Plaintiff's Complaint.  (Order of March 5, 2009 [Doc. 45]).  Following dismissal, Plaintiff filed the present motion. While styled as a motion for leave to amend complaint and amend the order dismissing the complaint, Plaintiff's motion is primarily a motion for reconsideration.  The Court will treat Plaintiff's Motion as a motion for reconsideration of its March 5 Order.

## Discussion

## I.    Plaintiff's Motion for Leave to Amend its Complaint and Motion to Amend the Order Entered by the Court [Doc. 48]

Plaintiff seeks leave to amend its Complaint to "address the 'real party in interest' issues referenced in the Court's Order of March 5, 2009" and also asks

AO 72A
(Rev.8/82)

the Court to reconsider its March 5 Order.  (Pl.'s Motion at 1-2).  Under the

Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a

matter of routine practice[,]" but rather, only when "absolutely necessary."  LR

7.2(E), N.D. Ga.  Such absolute necessity arises where there is "(1) newly

discovered evidence; (2) an intervening development or change in controlling

law; or (3) a need to correct a clear error of law or fact."  Bryan v. Murphy, 246

F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).

   A.   Standing

   The Court dismissed some of the counts in Plaintiff's Complaint because

it determined that Lopez, and not AIC, is the only real party in interest with

standing to serve as plaintiff in this action.  Based upon a reexamination of

existing precedent, the Court must revisit that conclusion.

   Where an insurance company as subrogee pays the entirety of an

insured's loss, the insurance company is the only real party in interest.  Frank

Briscoe Co. v. Ga. Sprinkler Co., 713 F.2d 1500, 1502 n.1 (11th Cir. 1983)

(citing United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 380-381, 70 S. Ct.

207, 94 L. Ed 171 (1949)); Hiram Walker & Sons, Inc. v. Kirk Line, 877 F.2d

1508, 1510 n.1 (11th Cir. 1989); see also Carter v. Banks, 254 Ga. 550, 552,

3

330 S.E. 2d 866, 868 (Ga. 1985) ("the insurer who has paid the insured his loss should recover from the tortfeasor").  Furthermore, it is not necessary for a subrogor, in this case Lopez, to make a formal assignment of his rights to AIC to complete a legal subrogation.  Jones Motor Co. v. Anderson, 268 Ga. App. 458, 460, 602 S.E. 2d 228, 230 (Ga. Ct. App. 2004).

As the subrogee, AIC is entitled to all of the rights and remedies belonging to Lopez against Defendants with respect to the loss covered by Lopez's insurance policy with AIC.  See Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1287 (11th Cir. 2007) ("Subrogation is '[t]he substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities.' " (quoting Jones Motor Co., 268 Ga.App. at 459, 602 S.E.2d at 230)); see also BLACK'S LAW DICTIONARY (8th ed. 2004) (Subrogation is "[t]he principle under which an insurer that has paid a loss under an insurance policy is entitled to all the rights and remedies belonging to the insured against a third party with respect to any loss covered by the policy.").  Therefore, AIC is the real party in interest and

4

has standing to bring its asserted claims against Defendants. Since AIC is the appropriate plaintiff, there is no need to amend the Complaint to add Lopez.

Plaintiff had the opportunity to make the argument above in its Response to Defendants' Motion to Dismiss [Doc. 28], but did not. Plaintiff did not argue that it became the real party in interest by paying the entirety of Lopez's arbitration award to Kaiser, and as subrogee stepped into Lopez's shoes. Plaintiff raised that argument for the first time in the present motion. While Plaintiff failed to make that argument, the Court in a desire to decide this action on its merits and in recognition of Plaintiff's status as the real party in interest, will allow this case to proceed.

### B.    Count I: Fraud or Misrepresentation

The Court dismissed Count I of Plaintiff's complaint reasoning that AIC was not able to properly allege fraud or misrepresentation because Defendants had not had any dealings with AIC, and the only allegations in the Complaint concerned misrepresentations made by Defendants to Lopez. Since AIC steps into the shoes of Lopez as subrogee, the allegations set forth in the Complaint are sufficient in this regard.

AO 72A
(Rev.8/82)

The Court also held that Plaintiff failed to meet Fed. R. Civ. P 9(b),

which requires a plaintiff alleging fraud to "state with particularity the

circumstances constituting fraud . . . ." The body of Plaintiff's Complaint lacks

the particularity required by Fed. R. Civ. P. 9(b). However, when considering a

motion to dismiss, this Court must consider the complaint as well as the exhibits

attached to it. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir.

2000). Exhibit D to the Complaint is a letter to Kaiser from Defendant Bennett

on behalf of Defendants TPHRS of Georgia, Inc. Plaintiff asserts that in this

letter Bennett fraudulently represents to Kaiser that it is not a professional

employer organization. (Complaint at ¶ 33). Exhibit D provides sufficient

details to allege fraud with particularity. The letter also references an earlier

phone call between Bennett and Kaiser and the contents of that phone call,

providing potential evidence of another specific misrepresentation. Therefore,

Defendants' Motion to Dismiss as to Count I is **DENIED**.

### C. Count II - RICO Claim

This Court dismissed Count II of Plaintiff's Complaint because it held

that Plaintiff could not prove its injuries were proximately caused by

Defendants' alleged wrongful conduct. However, in light of the holding above

6

that AIC is the real party in interest and steps into the shoes of Lopez, the Court finds that Plaintiff can prove that Defendants' conduct proximately caused the injury to Lopez, and subsequently to itself. Furthermore, after Defendants Motions to Dismiss had been submitted to the Court, the United States Supreme Court held "that a plaintiff asserting a RICO claim predicated on mail fraud need not show, either as an element of its claim or as a prerequisite to establishing proximate cause that it relied on defendant's alleged misrepresentation." Bridge v. Phoenix Bond & Indem. Co., 128 S. Ct. 2131, 2145, 170 L. Ed. 2d 1012 (2008).

In dismissing Count II this Court also relied upon the fact that Plaintiff did not specifically allege in its complaint that Lopez had formally assigned his claim to Plaintiff. See e.g., ESI, Inc. of Tenn. v. Westpoint Stevens, Inc., 254 Ga. App. 332; 333-34; 562 S.E.2d 198, 200 (2002) ("[u]nless the insured assigns to the insurer any claims which it may have against third parties, the insured is the real party in interest and not the insurer"). However, in light of the Court of Appeals of Georgia's more recent ruling that a formal assignment of rights is not necessary to complete a legal subrogation, Jones, 268 Ga. App. at 460; 602 S.E.2d at 230, and in light of the standard this Court is to apply at

7

the motion to dismiss stage, the Court will accept that paragraph 19 of Plaintiff's Complaint sufficiently implies that Lopez assigned his rights to AIC. Once again, Plaintiff had the opportunity to raise this argument in its Response to Defendants' Motions to Dismiss, rather than at this stage, but did not. Nonetheless, Defendants' Motion to Dismiss as to Count II is **DENIED**.

### D.    Count III - Conspiracy under RICO

As discussed in Section I-B above, Plaintiff has sufficiently plead fraud with particularity.  Since Plaintiff has done so, and alleges mail and wire fraud among other criminal acts constituting racketeering activity, it is has sufficiently plead conspiracy under RICO, 18 U.S.C. § 1961(1).  Therefore, Defendants' Motion to Dismiss as to Count III is **DENIED**.

### E.    Count IV - Georgia RICO Claim

This Court dismissed Plaintiff's Georgia RICO claim for the same reasons it dismissed the federal RICO claim.  For the reasons described in Section I-C above, the Court finds that Plaintiff has sufficiently plead a Georgia RICO claim.  Therefore, Defendants' Motion to Dismiss as to Count IV is **DENIED**.

8

## F.    Count V - Negligence

The Court dismissed Plaintiff's negligence claim based on an application

of the two-year statute of limitations set forth in O.C.G.A. § 9-3-33.  However,

because AIC is seeking to recover damages to its property, the applicable

statute of limitations is actually four years as set forth in O.C.G.A. § 9-3-31.

Plaintiff's claim falls within the four-year limitation period.  Defendants alleged

in their Motions to Dismiss [Doc. 27 at 18] that the applicable statute was

O.C.G.A. § 9-3-33.  Plaintiff failed to rebut this argument in its Response [Doc.

28 at 15-16] or identify the correct limitations period.  Nonetheless, because

Plaintiff's claim falls within the applicable statute of limitations, Defendants'

Motion to Dismiss as to Count V is **DENIED**.

## G.    Count VI - Contribution and Indemnity

In dismissing Count VI, the Court stated that Lopez engaged in

fraudulent behavior or other acts of moral turpitude and therefore was not

entitled to contribution.  However, the arbitrator while skirting the edge of

finding intentional fraud, only found that Lopez was negligent.  (Arbitration

Award, Exhibit C to Plaintiff's Complaint [Doc. 1]).  The arbitrator does find

that Lopez "knew or should have known that the application to Kaiser was

9

fraudulent." (Id. at 2). The "knew or should have known" language does not

necessarily denote intentional action on behalf of Lopez, as that same language

references the standard for finding a breach of duty in a negligence case under

Georgia law. See e.g., Butler v. Carlisle, 299 Ga. App. 815, 823, 683 S.E.2d

882, 890 (Ga. Ct. App. 2009). Further, the arbitrator's findings state:

> The Arbitrator is persuaded by the evidence presented
> by Kaiser that Lopez breached his Broker's
> Agreement and made material and *negligent*
> representations to Kaiser. Further, Lopez was
> *negligent* in performing his duties as a licensed
> insurance broker and broker for Kaiser.

(Arbitration Award at 2 (emphasis added)).

While AIC does not explicitly state in its Complaint that it paid more

than Lopez's share of the award, paragraph 19 of the Complaint allows the

Court to infer as much. While it would have been beneficial to Plaintiff to

make the assertion explicit, it has alleged enough to survive a motion to

dismiss. For the foregoing reasons, the Court will not dismiss Plaintiff's claim

for contribution.

If Lopez were merely a passive participant in the misrepresentations

made to Kaiser, AIC may have a claim for indemnity. Colt Indus. Operating

10

Corp. v. Coleman, 246 Ga. 559, 560, 272 S.E.2d 251, 253 (Ga. 1980) ("Under

Georgia law, if the negligence of the tortfeasor is passive as opposed to active, a

tortfeasor can seek indemnity against a party whose conduct is alleged to be the

proximate cause of the injury."). However, given the findings of the arbitrator

it is highly unlikely that Lopez was only a passive participant. Therefore it is

unlikely that AIC will be entitled to indemnity. See Thyssen Elevator Co. v.

Drayton-Bryan Co., 106 F. Supp. 2d 1342, 1346 (S.D. Ga. 2000) ("indemnity

implies a shifting of the entire loss from the party who paid the judgment to the

tortfeasor who should in fairness bear it"). Nonetheless, the Court will not

dismiss the claim for indemnification at this motion to dismiss stage.

Defendants' Motion to Dismiss as to Count VI is **DENIED**.

      H.     Count VII - Unjust Enrichment

As the Court noted in its March 5 Order, "[t]he theory of unjust

enrichment applies where there is no legal contract and where there has been a

benefit conferred which would result in an unjust enrichment unless

compensated." Smith Serv. Oil.Co. v. Parker, 250 Ga. App. 270, 271; 549

S.E.2d 485, 487 (Ga. Ct. App. 2001). There are numerous contractual

11

relationships at issue in this case and therefore Plaintiff's claim for unjust

enrichment shall be **DISMISSED**.

      I.      Count VIII - Attorneys' Fees

The Court dismissed Plaintiff's claim for attorneys' fees because it

dismissed all of Plaintiff's other claims in its March 5 Order and therefore there

was no basis for Plaintiff to obtain attorneys' fees. Since upon reconsideration

the Court has denied Defendants' Motions to Dismiss as to several claims, it is

appropriate to allow Plaintiff to seek attorneys' fees. If Plaintiff is successful

on any of the still surviving claims, it may be entitled to attorneys' fees.

Therefore, Defendants' Motion to Dismiss as to Count VIII is **DENIED**.

## II.    Defendants' Motion for Attorneys' Fees [Doc. 50]

Given that the Court is not dismissing several of the counts in Plaintiff's

Complaint, Defendants' Motion for Attorneys' Fees is **DENIED AS MOOT**.

### Conclusion

For the foregoing reasons, the Court's March 5, 2009 Order is

**VACATED**. Plaintiff's motion styled as a Motion for Leave to Amend its

Complaint and Motion to Amend the Order Entered by the Court on March 5,

2009 [Doc. 48], but in actuality a Motion for Reconsideration, is **GRANTED**.

12

After reconsidering its March 5 Order concerning Defendants' Motions to Dismiss [Doc. 27, 33], Defendants' Motions are **DENIED** as to Counts I-VI and Count VIII and **GRANTED** as to Count VII. Leave to amend the Complaint to add Lopez as a plaintiff is **DENIED** and Defendants' Motion for Attorneys' Fees [Doc. 50] is **DENIED**.

Those Defendants who have not filed an Answer shall file their Answers within twenty (20) days of the entry of this Order. Discovery shall commence five (5) days after the filing of the Answers by Defendants and shall continue for four (4) months thereafter.

**SO ORDERED**, this __21st__ day of December, 2009.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

13